UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ZHEIJIANG ZEC IMPORT & EXPORT
CO., LTD.,

                     Plaintiff,

        -against-

J.C. SUSSMAN, INC.,

                     Defendant.

--------------------------------------------------------X

**MEMORANDUM DECISION
AND ORDER**

08 Civ. 4192 (GAY)


      This action arises out of defendant J.C. Sussman, Inc.'s alleged failure to make complete payment on six invoices.  Defendant was a wholesale importer of fabrics and finishing products.  On April 30, 2009, plaintiff's counsel learned that the defendant corporation had been dissolved.  Presently before this Court is plaintiff's motion to amend the complaint to add the following additional defendants: J.C. Sussman International Enterprises, Inc.; Jun Cong, in his individual capacity; and Xiao Hong Yang, in her individual capacity.

      Plaintiff's motion is governed by Rule 21 of the Federal Rules of Civil Procedure ("FRCP"), which states that a party may be added to an action "at any stage of the action and on such terms as are just."  See Momentum Luggage & Leisure Bags v. Jansport, Inc., No. 00 Civ. 7909, 2001 WL 58000, at *1 (S.D.N.Y. Jan. 23, 2001).  In deciding whether to allow joinder, "the Court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15."  See Verley v. Goord, No. 02 Civ. 1182, 2004 WL 526740, at *5 n.5 (S.D.N.Y. Jan. 23, 2004) (quotation and citation

omitted).  Pursuant to FRCP 15(a), leave to amend a complaint "shall be freely given when justice so requires."  It is within the sound discretion of the court whether to grant leave to amend.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Leave to amend need not be granted, however, where the proposed amendment would be "futile."  Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 18 (2d Cir. 1997).  On the other hand, if the party seeking to amend "has at least colorable grounds for relief, justice . . . require[s] that its motion be granted."  Verley, 2004 WL 526740, at *5 (quotation and citation omitted).

In support of its motion to amend, plaintiff alleges: (1) Jun Cong and Xiao Hong Yang were the sole owners and employees of defendant; (2) In or about 2007, Cong and Yang created a second company in the same line of business as defendant, named J.C. Sussman International Enterprises, Inc.; (3) Cong and Yang are the sole owners and employees of J.C. Sussman International Enterprises, Inc.; (4) defense counsel provided an address for J.C. Sussman International Enterprises, Inc. which is the same address listed in the final tax return filed by defendant.  Based upon these allegations, plaintiff seeks to add Cong, Yang and J.C. Sussman International Enterprises, Inc. as parties to the instant action under causes of action for successor liability (de facto merger and mere continuation) and abuse of corporate formality (alter ego theory).  Defendant denies plaintiff's factual allegations and, thus, objects to plaintiff's motion on the grounds of futility.  However, accepting plaintiff's allegations as true (as we must at this preliminary stage of litigation), plaintiff has alleged a colorable claim against J.C. Sussman International Enterprises, Inc., Jun Cong, individually, and Xiao Hong Yang, individually.  Accordingly, plaintiff's motion to amend is granted.      Plaintiff shall file

2

Plaintiff shall file and serve the Amended Complaint within fifteen days of the date of this Memorandum Decision and Order.

Dated: November 12, 2009
       White Plains, New York

**SO ORDERED:**

_____
GEORGE A. YANTHIS, U.S.M.J.

3