UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ZHEIJIANG ZEC IMPORT & EXPORT
CO., LTD.,

                              Plaintiff,

                -against-

J.C. SUSSMAN, INC., J.C. SUSSMAN
INTERNATIONAL ENTERPRISES, INC.,
JUN CONG and XIAO HONG YANG,

                            Defendants.
--------------------------------------------------------X

**MEMORANDUM DECISION
AND ORDER**

08 Civ. 4192 (GAY)

This commercial action arises out of defendants' alleged failure to make complete payment on six invoices. On or about May 2, 2008, plaintiff filed its original Complaint against defendant J.C. Sussman, Inc., a wholesale importer of fabrics and finishing products, on the grounds of breach of contract, account stated and goods sold and delivered. On April 30, 2009, plaintiff's counsel learned that the defendant corporation had been dissolved. By Memorandum Decision and Order dated November 12, 2009, this Court granted plaintiff's motion to amend and allowed plaintiff to add Jun Cong, Xiao Hong Yang and J.C. Sussman International Enterprises, Inc. as parties to the instant action under causes of action for successor liability (de facto merger and mere continuation) and abuse of corporate formality (alter ego theory). Plaintiff filed its Amended Complaint on November 17, 2009; on or about January 7, 2010, defendants filed their Answer to Amended Complaint, which included a counterclaim for abuse of process. By Memorandum Decision and Order dated July 2, 2010, this Court granted

plaintiff's motion to dismiss defendants' counterclaim.[1]  Presently before this Court is plaintiff's motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP").  Specifically, plaintiff seeks summary judgment on two claims:  (1) its claim for account stated against defendant J.C. Sussman, Inc. and (2) its claim for successor liability against defendant J.C. Sussman International Enterprises, Inc.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See FRCP 56(c).  Specifically, the party seeking summary judgment has the burden of demonstrating that no genuine issue respecting any material fact exists.  See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005).  If the moving party meets its burden, the burden shifts to the opposing party to come forward with "specific facts showing that there is a genuine issue for trial."  See FRCP 56(e).  When deciding a summary judgment motion, the court must resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion.  See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999).  The question is whether, in light of the evidence, a rational jury could find in favor of the nonmoving party.  See Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1224 (2d Cir. 1994).  Summary judgment must be denied, therefore, if the court finds "there are any genuine factual issues that properly can be resolved only by a finder of fact

---

[1] This action is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c).

because they may reasonably be resolved in favor of either party." See <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 250 (1986).

Here, based upon the Court's consideration of the briefs and exhibits submitted by the parties in conjunction with the instant motion, the Court concludes that numerous triable factual issues preclude summary judgment including, but not limited to, the nature of SunKing's role in the business relationship between the parties and whether defendant J.C. Sussman International Enterprises, Inc. is a continuation of J.C. Sussman, Inc. Accordingly, plaintiff's motion for summary judgment is **DENIED**.

A telephone conference will be conducted on March 10, 2011 at 10:00 a.m. Plaintiff shall initiate the call.

The Court respectfully requests that the Clerk of the Court terminate the pending motion (Dkt. #60).

Dated: February ___, 2011
White Plains, New York

SO ORDERED:

GEORGE A. YANTHIS, U.S.M.J.